IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Info-Hold, Inc., | : | |
| | : | Case No. C-1-05-203 |
| Plaintiff, | : | |
| | : | District Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER DENYING PLAINTIFF'S |
| Teresa A. Pierce, | : | MOTION FOR DEFAULT |
| | : | JUDGMENT AND GRANTING |
| Defendant. | : | DEFENDANT'S MOTION TO PLEAD |
| | : | OUT OF TIME |

This matter comes before the Court on Plaintiff Info-Hold, Inc. ("Info-Hold")'s Application for Default Judgment and Motion for Hearing ("Motion for Default Judgment") (doc. #8), Defendant Teresa Pierce[1]'s Memorandum in Opposition to Plaintiff's Application for Default Judgment (doc. #9), and Defendant's Motion for Leave to Plead Out of Time (doc. #10). For the reasons that follow, the Court **DENIES** Info-Hold's Motion for Default Judgment (doc. #8) and **GRANTS** Defendant's Motion for Leave to Plead Out of Time (doc. #10). Defendant must answer Info-Hold's complaint or otherwise plead within **10 DAYS** of the date of this Order.

1. **Motion for Default Judgment**

Info-Hold argues that Defendant is in default under Federal Rule of Civil Procedure 55(a) because Defendant failed to timely respond to Info-Hold's complaint or to otherwise move or defend. Rule 55(a) provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made

---

[1]In her Opposition and Motion for Leave, Defendant in this case represented that her real name is not Teresa Pierce, but Teresa Fesmire. In this Order, the Court will refer to her as Defendant to prevent confusion.

to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Info-Hold has attached an affidavit of Joey C. Hazenfield, its president and CEO, attesting that Defendant has failed to timely move, answer or otherwise defend this action. (See doc. # 8 at p. 3 ("Hazenfeld Affidavit").) It is also clear from the docket that Defendant did not respond to Info-Hold's complaint in a timely fashion.

"The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules *begin with the entry of a default* by the clerk upon a plaintiff's request. [See] Rule 55(a). Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default set aside." United Coin Meter Co., Inc. v. Seaboard Coastline R.R., 705 F.2d 839, 844 (6th Cir. 1983) (emphasis added). Here, however, Info-Hold never moved for the *entry* of default by the Clerk pursuant to Rule 55(a). Instead, Info-Hold moved directly for the entry of a *default judgment* by the Court pursuant to Federal Rule of Civil Procedure 55(b)(2).[2] (Doc. # 8 at 1.) As Plaintiff has never moved for the entry of default by the Clerk, the Clerk has never entered default against Defendant. Under a plain reading of Rule 55, and under the case law, entry of default is a prerequisite to entry of a default judgment. See Ramada Franchise Sys., Inc. v. Baroda Enter., Inc., 220 F.R.D. 303, 305 (N.D. Ohio 2004); see also, e.g., Raimondo v. Village of Armada, 197 F. Supp. 2d 833, 837-38 (E.D. Mich. 2002) (motion to set aside entry of default moot where no entry of default). Because it is clear that the

---

[2] Rule 55(b)(2) provides for a party's application to the court for the entry of a default judgment in cases where the plaintiff's claim is not for a sum certain. Compare Fed. R. Civ. P. 55(b)(1) and (b)(2). Info-Hold also seeks injunctive relief against Defendant pursuant to Federal Rule of Civil Procedure 65, and therefore "moves this Court for a hearing to determine the amount of damages and the extent of any other relief to which Plaintiff is entitled and to determine what, if any, orders should issue from this Court."

entry of default under Rule 55(a) would be appropriate in this case, this Court could direct the Clerk to enter default. See, e.g., Baroda, 197 F. Supp. 2d at 305. However, given the equitable factors discussed below, the Court will not overlook Info-Hold's procedural mistake. Info-Hold's Motion for a Default Judgment (doc. #8) is premature, and the Court therefore **DENIES** it.

    **2.    Motion for Leave to Respond Out of Time**

Defendant has also moved for an order allowing her to plead to Info-Hold's complaint. Under Rule 6(b), a district court may, "for cause shown" and in its discretion, "permit an act to be done" after time to do so has expired – including pleading to a complaint – "where the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b). "Neglect exists where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness." Turner v. City of Taylor, 412 F.3d 629, 650 (6th Cir. 2005). The question of whether neglect is "excusable" is an equitable one requiring consideration of all the relevant circumstances. Id. The relevant circumstances include "the danger of prejudice [to the non-moving party], the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. Id. (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993)); see also Morgan v. Gandalf, Ltd., No. 05-3189, 2006 WL 238321, at **2 (6th Cir. Jan. 31, 2006) (citations omitted). The term "excusable neglect" is a "somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant . . . the determination whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the moving party's omission.' In other words, depending on the equities, mere inadvertence may warrant an

enlargement of time under Rule 6(b)." Gandalf, 2006 WL 238321, at **3 (citing Pioneer Inv. Servs., 507 U.S. at 392).

Defendant represents to the Court that she did not realize that she had been properly served with the Summons and Complaint until she received the Motion for Default. (Doc. # 9 at 1; doc. # 10 at 1.)  She submits that she "did not personally sign for the certified mail and believed that the Summons and Complaint were sent by regular U.S. mail.  Defendant received legal advice that the service of Summons and Complaint by regular U.S. mail was not effective service and she was not required to take any action."  (Doc. # 10. at 1.)  While Defendant was careless in determining how she had been served, she took steps, including consulting an attorney, to determine whether she was required to respond.  Defendant's failure to answer here appears to be the result of neglect rather than intentional delay.  Defendant's action in consulting an attorney also suggests that she acted in good faith, as does the fact that, within a week of receiving a copy of Info-Hold's Motion for Default Judgment, Defendant contacted her current attorney to attend to this matter.

Defendant also points out that, because Info-Hold did not properly serve her until almost ten months after filing the lawsuit, Info-Hold "cannot reasonably argue that it has been prejudiced by the delay." (Doc. # 9 at 1.)  For her part, Defendant was less than two months late in responding to Info-Hold's complaint (see doc. # 10, seeking leave to plead out of time) and filed a timely Memorandum in Opposition to Info-Hold's Application for Default Judgment (see doc. # 9).  The delay caused by Defendant's action is relatively minimal and does not appear to have had any effect on the proceedings.

The Court also notes that 1) *Info-Hold*'s ten-month delay in serving Defendant caused the

4

Court to issue a Show Cause Order to Info-Hold (doc. # 3) regarding why Info-Hold had not properly served Defendant within 120 days of filing its complaint, as required by Federal Rules of Civil Procedure 4(c)(1) and 4(m); and 2) Info-Hold was more than two and a half months late in responding to the Show Cause Order itself (see doc. # 4).  Despite Info-Hold's delays, the Court permitted Info-Hold to pursue this suit.  The Court agrees that Plaintiff cannot reasonably claim to be prejudiced by Defendant's comparatively short delay given its own lengthy delay, and finds that it is only just to extend the same leniency to Defendant as it did to Info-Hold.

      Considered together, the factors and the equities support this Court's finding that Defendant's delay in filing an answer or otherwise pleading was the result of excusable neglect.  The Court therefore exercises its discretion to **GRANT** Plaintiff's Motion for Leave to Plead Out of Time (doc. # 10).  Defendant must answer Info-Hold's complaint or otherwise plead within **10 DAYS** of the date of this Order.

      IT IS SO ORDERED.

                                          ___s/Susan J. Dlott_____

                                          Susan J. Dlott
                                          United States District Judge